IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICHARD HARPER**                                                                           **PLAINTIFF**

v.                                             No. 4:21-cv-920-JM

**SOUTHEAST ARKANSAS EDUCATION**
**SERVICES COOPERATIVE and**
**JERRI CLARK**                                                                              **DEFENDANTS**

## ORDER

Plaintiff, Richard Harper, brings this action against his former employer, Southeast Arkansas Education Services ("SEARK") and former supervisor, Jerri Clark, alleging racial discrimination, hostile work environment, retaliation, and wrongful termination. Defendants have filed a 12(b)(6) motion to dismiss some of Plaintiff's claims on the basis of sovereign immunity pursuant to the Eleventh Amendment. (Doc. No. 5).

In his complaint, Harper, who is African American, alleges that during his employment at SEARK from January of 2018 through October of 2020, Defendant Clark subjected him to frequent harassment and discrimination based on his race that forced him to quit.   His brought his claims for discrimination, hostile work environment, and retaliation pursuant to Title VII, 42 U.S.C. §§ 1981 and 1983, and the Arkansas Civil Rights Act. His wrongful termination claim arises out of Arkansas common law. Harper seeks injunctive relief, back and front pay, compensatory and punitive damages.

Defendants first argue that since the complaint is silent on the capacity in which Clark is sued, the suit is against her only in her official capacity, citing *Egerdahl v. Hibbing Com'ty College,* 72 F.3d 615 (8th Cir. 1995).  Harper does not dispute this assertion, which is a correct statement of the law.

Defendants next argue that the Eleventh Amendment bars Harper's claims brought pursuant to § 1981, § 1983, and the Arkansas Civil Rights Act. To the extent Plaintiff is seeking monetary damages pursuant to these statutes, the motion to dismiss is granted. As Plaintiff points out, claims for prospective injunctive relief against state officials are an exception to the sovereign immunity granted by the Eleventh Amendment. *Ex parte Young*, 209 U.S. 123 (1908). Any claims for prospective injunctive relief against Defendants are not barred. The motion to dismiss does not address Harper's Title VII or wrongful discharge claims.

For these reasons, Defendants' motion to dismiss (doc. No. 5) is GRANTED in part and DENIED in part as stated above.

IT IS SO ORDERED 4th day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE