IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICHARD HARPER                                                    PLAINTIFF

v.                                    No. 4:21-cv-920-JM

SOUTHEAST ARKANSAS EDUCATION
SERVICES COOPERATIVE                                 DEFENDANT

## ORDER

Plaintiff Richard Harper brings this action against his former employer, Southeast Arkansas Education Services ("SEARK") alleging racial discrimination and retaliation.[1] SEARK has filed a motion for summary judgment as to both claims, and the matter is ripe for determination.

The following facts are undisputed.[2] SEARK is an entity providing education services in Arkansas. Harper began working for SEARK on January 29, 2018 as an Arkansas Medicaid Administrative Claiming ("ARMAC") Specialist with the Medicaid in the Schools Program ("MITS") that is administered by the Arkansas Department of Education ("ADE"). He was supervised by an ADE employee, Jerri Clark. He was the only male and the only black person on the seven-person MITS team.

Harper was put on a 60-day performance improvement plan (PIP) on October 26, 2018, as a result of his poor performance communicating with a school in the ARMAC program. He was put on a second PIP beginning on May 20, 2020, this one to run for six months. The second PIP was "related to ongoing issues with his performance that had been addressed in previous

---

[1] He has abandoned his claims for hostile work environment, wrongful termination, and injunctive relief. (Doc. No. 29, p. 1).
[2] Taken from Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, Doc. No. 28.

evaluations and covered the areas of accuracy and timeliness in documentation and processing paperwork, improved communications inclusive of written communication and improving job knowledge with respect to program guidance." In May of 2020, Clark blamed Harper for an inaccuracy on a report, after which he had to stay late on at least ten occasions to correct the report. He denies that he was responsible for the report's inaccuracy. Another team member who "had the skills needed to help [him]," a white female, also stayed late to help Harper correct the reports. Harper, who had been looking for a new job since he was put on the second PIP in May, resigned on September 25, 2020 to take a better-paying job at UAMS.

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.

Race Discrimination

Harper claims that he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights of 1964. As of the filing of his response to the motion for summary judgment, Harper's claim for race discrimination is based solely on pay discrimination. However, as SEARK points out, Harper did not bring his allegations of pay discrimination before the EEOC in his charge of discrimination. His charge alleges that he was subject to harassment by being "bullied, humiliated, yelled and laughed at." (Doc No. 25-12). Harper does not mention pay disparity.

"Allegations outside the scope of the EEOC charge … circumscribe the EEOC's

investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (citation omitted). There is nothing in Harper's EEOC charge that would have given SEARK notice of a pay discrimination claim or allowed the EEOC to investigate it. Under these facts, the Court finds that Harper has failed to exhaust the administrative remedies which are "central to Title VII's statutory scheme." See *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994).

Even if the claim for pay discrimination was not barred, the Court finds that Harper failed to establish a prima facie case of discrimination as required by the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 (1973). First, he did not come forward with proof to establish that he was meeting his employer's expectations. His argument that he worked for SEARK for two and a half years without being fired is not proof that he was meeting his employer's expectations. Harper fails to address that he was put on two separate performance improvement plans during his employment, one that had been in place for four months when he resigned. Second, as the only employee directly supervised by Jerri Clark and the only one on his six-person team that was on a PIP, Harper failed to show that he was similarly situated to anyone else on his team.

Retaliation

Harper does not claim that he has direct evidence of retaliation, so this claim is also analyzed using the McDonnel Douglas framework. *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042 (8th Cir. 2007). To establish a prima facie case of retaliation under Title VII, an employee must prove that: (1) the employee engaged in a statutorily protected activity; (2) the employee suffered a materially adverse action by the employer; and (3) a causal connection

existed between the protected activity and the adverse action. *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 955 (8th Cir. 2011) (citation omitted). "Retaliation must be the 'but for' cause of the adverse employment action." *Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016) (alteration and citation omitted).

SEARK argues that Harper cannot establish that he engaged in a statutorily protected activity. Harper asserts that he was forced to work extra without extra pay only after he filed a harassment and discrimination report. According to his deposition testimony, the report is something he filed in August or September of 2020 with ADE. The Court does not find a copy of the report in the record, and Harper does not give a citation to where it can be found. From his deposition, it is clear that while he complained about his treatment by Clark to several individuals, there was confusion among ADE and SEARK as to which entity should handle a complaint by a SEARK employee with an ADE supervisor. There is no evidence that a report was ever investigated or resolved. There is also no evidence as to when Clark was made aware of the report, but Harper testified that Clark knew about it. This is not sufficient evidence to establish that Harper engaged in activity protected under Title VII.

In addition, the Court finds that Harper has not established that he suffered a materially adverse employment action for having filed a report or making claims of harassment and discrimination. A review of the eleven pages of his deposition testimony cited in Harper's response do not support his claim that he had to work extra without extra pay after August or September of 2020. The record reflects no evidence of materially adverse action that was taken against him starting after he filed his report, whether it was filed in August or September of 2020.

Finally, there is no evidence that having to work late on at least ten occasions beginning

in May of 2020 to correct errors in a report he is accused, wrongly or not, of having made is causally connected to a report complaining of his treatment by Clark that was filed months later. Harper has failed to establish a prima facie claim of retaliation.

For these reasons, Defendant's motion for summary judgment (Doc. No.21) is GRANTED. A separate judgment will be entered dismissing the complaint with prejudice.

IT IS SO ORDERED 9th day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE